IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CARLOS TERRILL MAXWELL, )
                        )
          Plaintiff,    )
                        )
v.                      )          Case No. CIV-14-50-D
                        )
REECE LANE, Jail        )
Administrator,          )
STATE OF OKLAHOMA,      )
MATTHEW HUDSON,         )
Detention Officer,      )
                        )
          Defendants.   )

## REPORT AND RECOMMENDATION

Plaintiff, appearing pro se and in forma pauperis, has filed an amended complaint on a 42 U.S.C. § 1983 form. Doc. 11. United States District Court Judge Timothy D. DeGiusti has referred this matter to the undersigned Magistrate Judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), (C). The undersigned recommends that, on screening, the Court dismiss Plaintiff's challenges to his state court conviction and any claims for monetary relief involving the State of Oklahoma.

## I.     Plaintiff's amended complaint.

With liberal construction, Plaintiff's amended complaint alleges that Payne County Jail lacks a law library and that Payne County Jail officials opened, read, and tampered with Plaintiff's legal mail. Doc. 11, at 2-3.

Additionally, Plaintiff challenges his state court conviction based on: "Due process violation, equal protection clause, prosecutorial misconduct, Discovery misconduct, tampering with evidence, false statement, obstruction of Justice[,] . . . . Entrapment," and Sixth Amendment violations. *Id.* at 2-3. Plaintiff names as defendants Reece Lane, the "Jail Administrator," Matthew Hudson, a "Detention Officer," and the State of Oklahoma. *Id.* at 1-2.

As noted above, Plaintiff used a § 1983 form and specifically invokes, in relevant part, § 1983. *Id.* at 2. He also invokes §§ "2241 & 2254 & 2255." *Id.* Plaintiff does not ask for specific relief, seeking instead that "all parties . . . be[ ] [brought] to justice." *Id.* at 5. The undersigned has liberally construed Plaintiff's amended complaint to seek monetary relief and release from confinement.

## II. Screening.

Because Plaintiff has sued government officials and is proceeding in forma pauperis, the Court has a duty to screen the amended complaint. *See* 28 U.S.C. §§ 1915A(a), 1915(e)(2). To that end, the Court must dismiss any claim that: (1) fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Id.* §§ 1915A(b)(1)-(2), 1915(e)(B)(ii)-(iii). To survive the first element, Plaintiff must plead "enough facts to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In applying this standard,

the Court must assume the truth of all well-pleaded factual allegations in the amended complaint and construe them in the light most favorable to Plaintiff. *See Leverington v. City of Colo. Springs,* 643 F.3d 719, 723 (10th Cir. 2011) (citation omitted).

## III. Plaintiff's challenges to his state court conviction.

As noted above, Plaintiff challenges his state court conviction on numerous grounds. The undersigned construes the amended complaint as seeking monetary relief and release from confinement on those grounds and recommends dismissal.

### A. Plaintiff's (liberally construed) request for monetary relief based on his state court conviction.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court recognized that a plaintiff may not recover monetary damages in a § 1983 action "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," *id.* at 486, unless he first proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 487. So, the Court must consider whether judgment

in Plaintiff's favor would necessarily imply the invalidity of his conviction. *See id.* The undersigned finds that it would.

Plaintiff alleges prosecutorial and discovery misconduct, evidence tampering, equal protection concerns, Sixth Amendment violations, etc. Doc. 11, at 2-3. If true, such claims would necessarily imply the invalidity of Plaintiff's conviction. *See Heck*, 512 U.S. at 479, 490 (holding that judgment in favor of plaintiff based on allegations that prosecutors destroyed exculpatory evidence would necessarily invalidate the underlying conviction); *see also Glaser v. City & Cnty. of Denver, Colo.*, No. 13-1165, 2014 WL 308552, at *8 (10th Cir. Jan. 29, 2014) (unpublished op.) ("To the extent Glaser alleges that defendants . . . withheld exculpatory evidence in connection with his prosecution, a judgment in his favor on these allegations would necessarily imply the invalidity of his conviction."); *Sherratt v. Utah Dep't. of Corrs.*, No. 13-4061, 2013 WL 5737700, at *4 (10th Cir. Oct. 23, 2013) (unpublished op.) (dismissing plaintiff's § 1983 claims alleging that "his conviction itself violated the Equal Protection Clause" and that he received ineffective assistance of counsel, because "each necessarily implies the invalidity of Sherratt's conviction and sentence" and are "barred by *Heck*" (citations omitted)). And, Plaintiff has neither shown his conviction's reversal nor its expungement. So, the undersigned finds that Plaintiff's claims for monetary relief based on challenges to this state court conviction

4

are premature and should be dismissed without prejudice on screening. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996) ("When a § 1983 claim is dismissed under *Heck*, the dismissal should be without prejudice." (citations omitted)).

**B.** **Plaintiff's (liberally construed) request for release from confinement.**

Because he invokes habeas statutes in his § 1983 amended complaint, the undersigned assumes that Plaintiff also intends to seek release from confinement. But § 1983 is an inappropriate avenue for that relief – Plaintiff should instead file a writ of habeas corpus. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("This Court has held that a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' He must seek federal habeas corpus relief . . . instead." (citations omitted)); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

Under some circumstances, the Court may liberally construe a § 1983 complaint to *be* a writ of habeas corpus. *See Padilla v. Enzor*, 279 F. App'x 606, 610 (10th Cir. 2008) ("[A] federal court, affording a pro se inmate's

pleadings liberal construction, might treat § 1983 claims such as these to be, instead, claims seeking habeas relief under 28 U.S.C. § 2254."). But "because of the 'strict limitations' the Antiterrorism and Effective Death Penalty Act of 1996 . . . places on second or successive habeas claims, a state prisoner 'may prefer to have his claim dismissed rather than be recharacterized as a § 2254 claim because of the potential consequences with respect to any § 2254 claim he may file in the future.'" *Id.* (citing *Davis v. Roberts*, 425 F.3d 830, 834-35 (10th Cir. 2005)).

Plaintiff supplies rather conclusory allegations regarding his state criminal conviction and whether he has exhausted state court remedies is unknown. The undersigned recommends dismissing Plaintiff's challenges to his state court conviction, construed as seeking release from confinement, rather than treating them as claims for habeas relief.

## IV.	Plaintiff's (liberally construed) claim for monetary relief against the State of Oklahoma.

With liberal construction, the Court reads Plaintiff's amended complaint as seeking monetary relief from the State of Oklahoma. To that end, the undersigned recommends dismissal on screening.

"The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001)

6

(*citing Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000)).  An exception

exists when the State waives its Eleventh Amendment immunity, *see Alden

v. Maine*, 527 U.S. 706, 755 (1999), or if Congress abrogates it, s*ee Garrett*,

531 U.S. at 363.  Neither exception applies here.  The State of Oklahoma has

not waived its Eleventh Amendment immunity.  *See* Okla. Stat. tit. 51, §

152.1(B) ("[I]t is not the intent of the state to waive any rights under the

Eleventh Amendment to the United States Constitution").  And, Congress did

not abrogate the States' Eleventh Amendment immunity through the

enactment of 42 U.S.C. § 1983.  *See Quern v. Jordan*, 440 U.S. 332, 345

(1979).

Accordingly, the undersigned recommends that the Court dismiss

Plaintiff's § 1983 claims against the State of Oklahoma on screening.

## V.    Recommendation and notice of right to object.

The undersigned recommends that the Court summarily dismiss

Plaintiff's challenges to his state court conviction.  To the extent his amended

complaint can be read to request monetary relief, his claims are premature.

And, to the extent that Plaintiff seeks release from confinement, the proper

avenue is a writ of habeas corpus.  The Court should also dismiss any

monetary relief claims against the State of Oklahoma.

Adoption of this recommendation would leave the claims involving Defendants Lane and Hudson concerning a lack of library access and interference with legal mail.

Plaintiff is advised of his right to file an objection to the report and recommendation with the Clerk of this Court by March 18, 2014 in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that failure to make timely objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation does not terminate the referral. If the Court adopts this recommendation, the undersigned anticipates allowing Plaintiff to proceed with service of process for Defendants Lane and Hudson.

IT IS SO ORDERED this 25th day of February, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE