IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CARLOS TERRILL MAXWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-50-D |
| | ) | |
| REECE LANE, Jail Administrator, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

This matter comes before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Upon initial screening, Judge Mitchell finds that Plaintiff's claims for damages under 42 U.S.C. § 1983 challenging the legality of state court convictions should be dismissed as either 1) premature under the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994), or 2) barred by the doctrine of sovereign immunity. Judge Mitchell further finds that because the remedy of release from imprisonment sought by the Amended Complaint is not available in a § 1983 action, Plaintiff's pleading should not be construed as a habeas petition but, instead, his claims should be dismissed without prejudice to refiling in a proper manner.[1]

Plaintiff, a state prisoner appearing *pro se*, has filed a timely "Motion of Appeal" [Doc. No. 14] that is liberally construed as an objection to the Report. Thus, the Court must make a *de novo* determination of the portions of the Report to which specific objection is made, and may

---

[1] The dismissal would not terminate the action (and did not terminate the referral), because Plaintiff asserts other § 1983 claims concerning the conditions of his confinement in the Payne County jail.

accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Upon consideration, the Court finds that Plaintiff fails to address the deficiencies in his pleading identified by Judge Mitchell. Liberally construing the Objection, Plaintiff asks that his improper § 1983 complaint be characterized as a habeas petition. Accordingly, the Court finds that Plaintiff has waived further judicial review of Judge Mitchell's findings that his § 1983 claims are premature under *Heck* and seek relief that is not available under § 1983, due to his failure to object to these findings. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). Further, the Court finds that Plaintiff's § 1983 action should not be permitted to proceed as a habeas action because (a) Plaintiff asserts other § 1983 claims that remain pending (*see supra* note 1) and (b) on March 21, 2014, Plaintiff filed a separate Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus regarding his convictions that is currently pending (*see* Case No. CIV-14-285-F).

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 13] is ADOPTED in its entirety. Plaintiff's § 1983 claims regarding the legality of his state court convictions are DISMISSED WITHOUT PREJUDICE. The remainder of Plaintiff's § 1983 action remains under referral to Judge Mitchell.

IT IS SO ORDERED this 2nd day of April, 2014.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE