IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| CARLOS TERRILL MAXWELL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-14-50-D |
| REECE LANE, Jail Administrator, STATE OF OKLAHOMA, MATTHEW HUDSON, Detention Officer, | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff initiated a civil rights action, and United States District Court Judge Timothy D. DeGiusti referred this matter to the undersigned Magistrate Judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), (C). Doc. 5. Plaintiff then filed an amended complaint, Doc. 11, and on screening, the court dismissed Plaintiff's challenges to his state court conviction and any claims for monetary relief involving the State of Oklahoma. Docs. 13, 22. While the court's ruling was pending, Plaintiff filed two more amended complaints. Docs. 15, 21. Then, on April 3, 2014, Plaintiff filed a fourth amended complaint. Doc. 24.[1] The undersigned gave Plaintiff

---

[1] Previously, while correcting a prior order, the undersigned inadvertently labeled this complaint as Plaintiff's fifth amended complaint. Doc. 27. It is, in fact, Plaintiff's fourth amended complaint. Doc. 24.

permission to serve his fourth amended complaint, Docs. 23, 27, instructed him on his service responsibilities, and ordered the Clerk of the Court to send Plaintiff the necessary service forms. Doc. 23.

Plaintiff did not seek summons for any named defendant, and the undersigned gave Plaintiff until September 29, 2014, to show cause why the court should not dismiss his action without prejudice. Doc. 28. Plaintiff has not responded. So, the undersigned recommends that the court dismiss Plaintiff's fourth amended complaint without prejudice.

**I.     Analysis.**

Although appearing pro se, Plaintiff is responsible for serving the defendants with a summons and a copy of the fourth amended complaint. *See* Fed. R. Civ. P. 4(c)(1); *see also DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993) (stating that even though plaintiff was pro se, he was "obligated to follow the requirements of Fed. R. Civ. P. 4" (citation omitted)). As noted above, Plaintiff has failed to do so. So, the undersigned must first determine whether the record reflects "good cause" for a mandatory extension of time, and if not, whether a permissive extension of time is warranted. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995); *see also Murphy v. City of Tulsa*, 556 F. App'x 664, 666-69 (10th Cir. 2014) (delineating *Espinoza's* required inquiries).

### A. Mandatory extension.

For a mandatory extension of time, Plaintiff must show "good cause" for his failure to perfect service. Fed. R. Civ. P. 4(m). The undersigned gave Plaintiff the opportunity to show "good cause," and he failed to respond. So, the undersigned finds that Plaintiff is not entitled to a mandatory extension of time.

### B. Permissive extension.

"[W]hen a plaintiff fails to show good cause for untimely service, 'the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service.'" *Murphy*, 556 F. App'x at 668-69 (quoting *Espinoza*, 52 F.3d at 841). The court considers three factors in deciding whether a permissive extension is warranted.

First, the court considers whether the statute of limitations would bar Plaintiff from refiling against the defendants. *See Espinoza*, 52 F.3d at 842. Plaintiff did not provide the dates relating to the defendants' alleged misconduct, Doc. 24, but he had a two-year limitations period in which to file the action. *See McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011). If Plaintiff's original complaint was untimely when he filed it, dismissal for failure to serve the defendants would not be detrimental. And, if his original

3

complaint was timely,[2] Plaintiff's ability to refile against the defendants would likely be salvaged through Oklahoma's savings clause. That statute provides:

> If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff . . . may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed.

Okla. Stat. tit. 12, § 100; *see also Mott v. Carlson*, 786 P.2d 1247, 1248 (Okla. 1990) (noting that the original suit had been dismissed for failure to serve summons and holding that Okla. Stat. tit. 12, § 100 "allows a suit so dismissed to be refiled within one year").[3] Under these circumstances, the undersigned finds that this factor weighs against another extension of time.

Second, the court considers whether Plaintiff has unsuccessfully attempted to serve the United States. *See Espinoza*, 52 F.3d at 842. Plaintiff has not named the United States or any federal employee, Doc. 24, so the undersigned finds that this factor is irrelevant.

---

[2] On first glance, it appears to the undersigned that Plaintiff's fourth amended complaint would relate back to his original complaint. *See* Fed. R. Civ. P. 15(c)(1)(B).

[3] "In a § 1983 action, state law governs issues regarding the statute of limitations and tolling . . . ." *Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir. 2010).

4

Third, "[t]he district court should also take care to protect [a] pro se plaintiff from consequences of confusion or delay attending the resolution of an in forma pauperis petition." *Id.* at 842 n.8 (quotation omitted). Plaintiff is proceeding in forma pauperis, Doc. 8, but the undersigned explained to Plaintiff his responsibilities relating to service and instructed the Clerk of the Court to send Plaintiff all the necessary forms. Doc. 23. The Clerk complied, sending Plaintiff both the necessary service forms and a copy of the court's local rules. Under the circumstances, the undersigned finds that this factor also weighs against granting a permissive extension of time to effect service.

**C.    Summary.**

In sum, Plaintiff's fourth amended complaint was filed over six months ago and he has yet to seek summons for, or serve, any defendant. Plaintiff also failed to explain his failure to do so. The undersigned finds no "good cause" for either a mandatory or permissive extension of time.

**III.    Recommendation and notice of right to object.**

For the reasons set forth above, the undersigned recommends that the court dismiss Plaintiff's fourth amended complaint, Doc. 24, without prejudice.

The undersigned advises Plaintiff of his right to file an objection to the report and recommendation with the Clerk of this Court by the 6th day of November, 2014, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P.

5

72(b)(2). The undersigned further advises Plaintiff that failure to make a timely objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge and the court's adoption of this report and recommendation will terminate the referral in the present case.

ENTERED this 17th day of October, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE